**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.                                                                                    Case No. 6:12-cr-324-Orl-37KRS

JAMES DAVID HONAKER

## ORDER

This cause is before the Court following a hearing pursuant to 18 U.S.C. § 4243(c) that was held on June 19, 2014. (*See* Doc. 61.) Defendant and his evaluating physicians from the Federal Medical Center at Butner were present at the hearing.

At the hearing, the Court orally found that Defendant had not met his burden of proving by clear and convincing evidence that his release does not pose a "substantial risk of bodily injury to another person or serious damage [to] property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). The Court made this finding after reviewing the report of Defendant's evaluating physicians at Butner as well as the independent evaluation report of Dr. Jeffrey Danziger. *See* Apker Letter dated Jan. 3, 2014 ("Butner"); Danziger Letter dated Apr. 11, 2014 ("Danziger"). These reports both submitted that Defendant did not pose a substantial danger; however, the Court found the reports highly unconvincing. Specifically, the Butner evaluation seriously downplayed significant risks posed by Defendant and presented little affirmative evidence that Defendant is not dangerous. *See* Butner at 11–13. Further, the Danziger evaluation misunderstood the purpose of the assignment and analyzed competency rather than dangerousness; this confusion clearly skewed the conclusion. *See* Danziger at 4–5.

In addition to the unpersuasive nature of the physicians' recommendations, the

Court also considered several other factors supporting its finding of dangerousness. First and most importantly, the reports indicate that Defendant denied his illness and refused to take medication or participate in therapy,[1] which will likely cause a recurrence of the illegal behavior. *See United States v. Wattleton*, 296 F.3d 1184, 1193 (11th Cir. 2002) (noting "lack of insight into his disorder and his unwillingness to seek treatment" and "failure to comply in the past with treatment recommendations" as risk factors). Second, Defendant has a history of violence and making violent threats, including: (1) self-harm, by cutting his wrist and trying to stab himself in the stomach; (2) making a credible threat to "blow [someone's] head off"; and (3) threatening to hurt his sister and other family members, putting them in real fear. *See* Butner at 4–5; Danziger at 3. Third, Defendant has access to and a familiarity with weapons; his father left him a gun, with which he has hunted and done target practice and which is present in his mother's house, and he has also used knives to hurt himself in the past. *See* Butner at 4–5, 11–12. Fourth, Defendant continues to suffer from delusional disorder of the persecutory type, which has frequently been linked to violent behavior. *See Wattleton*, 296 F.3d at 1193. Finally, Defendant's mother is unwilling to let him live with her until he is stabilized on medication, depriving him of a stable environment upon release. *See id.* (noting the particular importance of social support to acquittees with delusional disorder).

All of these factors indicate that Defendant's release does pose a substantial risk of bodily injury or property damage due to his ongoing mental illness. Thus, the Court found that Defendant failed to meet his burden under 18 U.S.C. § 4243(d). The Court

---

[1] Defendant indicated at the hearing that he is now willing to take medication, which the Court considers a very important step toward his mental health recovery in the future.

therefore committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e) for further evaluation and treatment in an appropriate facility. If and when the director of that facility determines that Defendant has recovered from his mental illness to the extent that "his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, [the director] shall promptly file a certificate to that effect" with the Court. 18 U.S.C. § 4243(f). Counsel are also each reminded of their responsibilities under that statute to monitor the progress of Defendant's recovery via the facility director. *See United States v. Brooks*, No. 3:08cr209-MHT, 2010 WL 6570902, at *3 (M.D. Ala. Dec. 16, 2010).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant is **COMMITTED** to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 20, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Attorney General

U.S. Marshal Service

Eric Thompson

```
```

Craig Apker, FMC Butner

Lisa Sunderman, Bureau of Prisons